UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-60438-CIV-DAMIAN

MAURICIO SANCHEZ HERNANDEZ,

      Petitioner,

v.

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security, *et al.*,

      Respondents.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on Petitioner, Mauricio Sanchez Hernandez's ("Petitioner"), Emergency Motion to Reopen and for Immediate Release Based on Immigration Judge's Non-Compliance with this Court's Order (the "Emergency Motion") [ECF No. 11], filed on April 1, 2026; Petitioner's Motion for Attorneys' Fees and Costs Under the Equal Access to Justice Act [ECF No. 16], filed on April 13, 2026; and Petitioner's Motion for Ruling on Emergency Motion [ECF No. 20], filed on April 26, 2026.

THE COURT has reviewed the Emergency Motion and the Response and Reply thereto [ECF Nos. 13, 14], Petitioner's Motion for Attorneys' Fees and Costs Under the Equal Access to Justic Act and the Response and Reply thereto [ECF Nos. 17 , 18], the Motion for Ruling on Emergency Motion [ECF No. 20], the applicable law, and the pertinent portions of the record, and is otherwise fully advised.

## I.     BACKGROUND

The background relevant to Petitioner's immigration status and detention is set forth in detail in the parties' prior filings and in this Court's March 30, 2026 Order on Petition for

Writ of Habeas Corpus and will not be repeated here except as necessary to resolve the pending motions. *See generally* Petition [ECF No. 1], Response to Order to Show Cause [ECF No. 7], Reply [ECF No. 8], and Order on Petition for Writ of Habeas Corpus [ECF No. 10].

On February 17, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued immigration detention and seeking, among other relief, an individualized bond hearing. [ECF No. 1]. On February 24, 2026, this Court entered an Order to Show Cause directing Respondents to respond to the Petition. [ECF No. 5]. Respondents filed their Response on March 2, 2026 [ECF No. 7], and Petitioner filed a Reply the same day. [ECF No. 8]. After briefing concluded, Petitioner filed a Notice that Briefing Is Complete and Respectful Request for Consideration. [ECF No. 9].

On March 30, 2026, this Court entered its Order on Petition for Writ of Habeas Corpus. [ECF No. 10]. The Court granted the Petition in part and ordered Respondents to "FORTHWITH afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner," with the hearing to occur no later than April 2, 2026. *Id*. The Court further directed the parties to file a status report regarding compliance and administratively closed the case pending compliance with the Court's Order. *Id*.

On April 1, 2026, Petitioner appeared before Immigration Judge Stuart A. Siegel for a custody redetermination hearing. Following that hearing, the Immigration Judge denied bond. *See* Bond Order attached to Emergency Motion [ECF No. 11-1]. Later that same day, Petitioner filed an Emergency Motion to Reopen and for Immediate Release Based on Immigration Judge's Non-Compliance with this Court's Order. [ECF No. 11]. Petitioner contends that the Immigration Judge failed to comply with this Court's March 30, 2026 Order by reasserting categorical bars to release, relying on legal authorities and factual

considerations inconsistent with this Court's prior ruling, and failing to conduct a genuinely individualized bond determination. *See generally id.*

On April 2, 2026, finding good cause for expedited briefing, this Court ordered Respondents to respond to the Emergency Motion by April 7, 2026. [ECF No. 12]. Respondents filed their Response in Opposition on April 6, 2026. [ECF No. 13]. Petitioner filed a Reply the same day. [ECF No. 14]. On April 8, 2026, Petitioner filed a Status Report and Notice that Briefing Is Complete on the Emergency Motion. [ECF No. 15].

While the Emergency Motion remained pending, Petitioner filed a Motion for Attorneys' Fees and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on April 13, 2026. [ECF No. 16]. Respondents filed a Response in Opposition on April 20, 2026 [ECF No. 17], and Petitioner filed a Reply on April 26, 2026. [ECF No. 18]. On April 26, 2026, Petitioner also filed a Notice of Status and Respectful Request for Ruling. [ECF No. 19].

Also on April 26, 2026, Petitioner filed a Motion for Ruling on the Emergency Motion. [ECF No. 20]. The Emergency Motion [ECF No. 11], the EAJA Motion [ECF No. 16], and the Motion for Ruling [ECF No. 20] are now ripe for adjudication.

## II.    LEGAL STANDARDS

"Courts have the inherent power to enforce compliance with their lawful orders[.]" *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991); *see Davis v. Post Univ., Inc.*, 497 F. Supp. 3d 1252, 1263 (S.D. Fla. 2019) (Rosenberg, J.) ("It is well settled that federal courts possess inherent authority to enforce their own orders and to police their own proceedings.").

With respect to bond determinations under Section 1226, Congress has expressly stripped the courts of jurisdiction to review such orders. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). As the Supreme Court has explained, "§ 1226(e) precludes an alien from challenging a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (citing *Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see also United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (holding that district court cannot review or overturn an IJ's bond order pending the conclusion of immigration proceedings).

### III.   DISCUSSION

After thoroughly reviewing the record of the April 1, 2026 bond proceedings, including the Immigration Judge's written order, this Court concludes that Petitioner was afforded an individualized bond hearing that comports with this Court's March 30, 2026 Order and with due process. At bottom, Petitioner disagrees with the Immigration Judge's reasons for denying bond and contends that the Immigration Judge improperly considered certain factors, including Petitioner's manner of entry, pending removal proceedings, and marriage-based immigration history. But those arguments challenge the substance of the Immigration Judge's custody determination, not whether Petitioner received the hearing this Court ordered.

This Court will not act as an appellate tribunal reviewing immigration bond decisions. *See R.R.C. v. Streeval*, No. 25-cv-525 (CDL), 2026 WL 734999, at *1–2 (M.D. Ga. Mar. 16,

2026) ("[I]t is clear that the decision to grant a bond in a particular case is a discretionary one. Congress never intended for the district courts to act as intermediate appellate courts with jurisdiction to review those individualized bond decisions."); *see also* 8 U.S.C. § 1226(e); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). Therefore, to the extent Petitioner challenges the Immigration Judge's individualized assessment of flight risk, dangerousness, credibility, or the weight afforded to particular facts and legal authorities, this Court lacks jurisdiction to review that determination.

Even if this Court possessed authority to review discretionary bond determinations through its inherent power to enforce compliance with its lawful orders, this Court would decline to second-guess the Immigration Judge's evaluation of the evidence and factors presented at the bond hearing. Petitioner argues that the Immigration Judge improperly relied on *Matter of D-J-*, Petitioner's pending removal order, and marriage-related considerations and failed to meaningfully analyze the evidence submitted in support of release. *See* Emergency Mot. [ECF No. 11] at 2–3, 7–11; Reply [ECF No. 14] at 3–10. However, these arguments concern the Immigration Judge's consideration, explanation, and weighing of the evidence before him. While Petitioner may disagree with the Immigration Judge's conclusions, it is not the role of this Court to reweigh the evidence presented at a bond hearing or substitute its judgment for that of the Immigration Judge. *See Stephens v. Ripa*, No. 22-cv-20110, 2022 WL 18108494, at *4 (S.D. Fla. Nov. 14, 2022), report and recommendation adopted, 2023 WL 34689, at *1 (S.D. Fla. Jan. 4, 2023).

In the original Petition, Petitioner sought an individualized bond hearing under 8 U.S.C. § 1226(a). Following this Court's March 30, 2026 Order, Petitioner received such a

hearing. Upon review of the record presently before it, this Court finds no fundamental defect in the proceedings and concludes that Petitioner received the process this Court ordered. Any challenge to the Immigration Judge's ultimate custody determination must be pursued through the administrative immigration review process rather than through a motion to enforce or reopen these habeas proceedings. *See C.A.R.V. v. Wofford*, No. 25-cv-01395-JLT-SKO, 2026 WL 241823, at *9 (E.D. Cal. Jan. 29, 2026) ("In issuing the order, the Court ordered a process, not an outcome. Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process.").

This Court also denies Petitioner's Motion for Attorneys' Fees and Costs under the Equal Access to Justice Act. Even assuming Petitioner qualifies as a prevailing party and that the EAJA applies in this habeas proceeding, this Court concludes that Respondents' position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). Although this Court ultimately rejected Respondents' position on the merits of the underlying habeas petition, "a position can be justified even though it is not correct." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). Given the existence of substantial authority supporting Respondents' position and the unsettled state of the law, this Court is satisfied that Respondents' position was substantially justified. Accordingly, an award of EAJA fees is not warranted.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that:

1. Petitioner's Emergency Motion to Reopen and for Immediate Release Based on Immigration Judge's Non-Compliance with This Court's Order [ECF No. 11] is **DENIED**;

6

2. Petitioner's Motion for Attorneys' Fees and Costs Under the Equal Access to Justice Act [ECF No. 16] is **DENIED**; and

3. Petitioner's Motion for Ruling on Emergency Motion [ECF No. 20] is **DENIED AS MOOT**.

All pending motions are **TERMINATED,** and this case shall remain **CLOSED**. No further relief is warranted.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 17th day of June, 2026.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**